■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v GEORGE FORTMULLER et al., Respondents.—Consolidated appeal by the People from so much of six orders of the County Court, Suffolk County, dated December 26, 1975, January 27, 1976, May 25, 1976, October 21, 1976, November 15, 1976 and December 17, 1976, respectively, as granted defendants' separate motions to suppress evidence secured by wiretap intervention and to dismiss the indictment. Orders reversed insofar as appealed from, on the law, motions denied and indictment reinstated. It was the intent of Congress in adopting the Omnibus Crime Control and Safe Streets Act of 1968 (US Code, tit 18, § 2510 *et seq.)* to approve the issuance of wiretap orders if the

authorization to apply for such orders emanated from a politically responsible government official who is readily identifiable (see *United States v Chavez*, 416 US 562; *United States v Erdman*, 515 F2d 290, cert den *sub nom. Vigi v United States*, 423 US 912). Since CPL article 700 is patterned after the Federal wiretap statute, the same intent is attributable to the drafters of the New York eavesdropping provisions. Thus, although the filing procedure contained in subdivision 4 of section 702 of the County Law should have been complied with in this case, the failure to do so in specific detail is not fatal. The facts show that there was substantial compliance with the County Law in that (a) the certificate appointing Patrick Henry as Chief Assistant District Attorney was filed with the Suffolk County Clerk and (b) the list designating the order of succession on the District Attorney's staff was filed with the clerk of the County Legislature. Furthermore, there was a telegram from the District Attorney, dated November 7, 1974, which specifically designated the Chief Assistant District Attorney to sign wiretap affidavits. On these facts, the failure to follow to the letter the provision calling for the filing of the order of succession with the county clerk was not a failure to satisfy one of those statutory requirements "that directly and substantially implement the congressional intention to limit the use of intercept procedures to those situations clearly calling for the employment of this extraordinary investigative device" (see *United States v Giordano*, 416 US 505, 527). We note that in a similar case *(United States v Fury*, 554 F2d 522) the Second Circuit recently held that memoranda designating the Chief Assistant District Attorney as a duly authorized deputy or an emergency interim successor were not deficient even though they failed to specifically state that the order of succession also applied where the District Attorney was absent or disabled. Furthermore, as in the instant case, one memorandum was not filed with the county clerk or the clerk of the board of supervisors in compliance with section 702 of the County Law. The court, in *Fury,* upheld the eavesdropping warrant, stating, *inter alia,* that despite this nonconformity there had been substantial compliance with the law, and further held that such compliance was not even necessary as (p 527): "It is clear that Margolin was 'the person designated to act for [the District Attorney] . . . in and during his actual absence,' whether or not there was literal or substantial compliance with § 702 of the New York County Law. There is no reason to assume that the only way to comply with § 700.05 is through adherence to the particular requirements of § 702, though we do not doubt that it is useful for the District Attorney to comply. The purpose of the designation provision in § 700.05 is to make sure that the person who does apply for such an order has the authority to make that application, and, as the District Court found, Margolin had that authority. Cf. *United States v. Chavez*, 416 U.S. 562, 571-73". Gulotta, P. J., Hopkins, Latham and Cohalan, JJ., concur.